IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| VENTURA JUAREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | EP-13-CV-81-KC |
| v. | § | EP-11-CR-1291-KC |
| | § | EP-13-CV-80-KC |
| UNITED STATES OF AMERICA, | § | EP-11-CR-1558-KC |
| | § | |
| Respondent. | § | |

# ORDER

On this day, the Court considered two pro se motions under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence (the "Motions") filed by Petitioner in the above-captioned cases. *See* 11-CR-1291-KC, ECF No. 44; 11-CR-1558-KC, ECF No. 43. Petitioner alleges that his trial counsel ("Counsel") provided ineffective assistance by failing to file a notice of appeal. *See* 11-CR-1291-KC, ECF No. 44, at 4; 11-CR-1558-KC, ECF No. 43, at 4.

The Constitution's Sixth Amendment guarantees an accused the right to the effective assistance of counsel for his or her defense in all criminal prosecutions. U.S. Const. amend. VI.; *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To merit relief pursuant to § 2255 on an ineffective assistance of counsel claim, a movant must demonstrate both (1) his or her trial counsel's performance fell below an objective standard of reasonableness, and (2) this deficient performance prejudiced his or her defense. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696.

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for

example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he [or she] was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000) (citing *Strickland*, 466 U.S. at 690). Additionally, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477 (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)). "[W]hen counsel fails to file a requested appeal, a defendant is entitled to appeal without showing that his [or her] appeal would likely have had merit." *Id.* (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)).

Ordinarily, where the record does not conclusively show whether or not the petitioner requested that his or her counsel file an appeal, the court holds an evidentiary hearing to determine by a preponderance of the evidence whether counsel consulted with the petitioner regarding his or her appellate rights and, if yes, whether petitioner requested that counsel file an appeal. *See United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007); *Camacho v. United States*, Nos. EP–07–CV–338–KS, EP–06–CR–2265–KC, 2009 WL 1783704, at *3 (W.D. Tex. Apr. 30, 2009). However, 28 U.S.C. § 2255 "confers a broad and flexible power to the district courts to fashion an appropriate remedy" in habeas corpus cases. *United States v. Stitt*, 552 F.3d 345, 355 (4th Cir. 2008) (quoting *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997)) (internal quotation marks omitted). *Accord United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("As an initial matter, we note the broad leeway traditionally afforded district courts in the exercise of their § 2255 authority. . . .  This is so because a district court's power under § 2255 'is derived from the equitable nature of habeas corpus relief.'") (quoting *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997)). Accordingly, under the circumstances, the Court finds that permitting Petitioner to pursue an out-of-time appeal would serve as an appropriate remedy.  *See*

*United States v. West*, 240 F.3d 456, 461-62 (5th Cir. 2001). In the Fifth Circuit, "the procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255 motion without prejudice" and reinstating the movant's judgment of conviction to reset the time of which his or her appeal should run. *See id*. at 460; *Mack v. Smith*, 659 F.2d 23, 26 (5th Cir. 1981). This procedure remedies counsel's deficiency by providing a § 2255 movant with the opportunity to file a notice of appeal from the re-imposed sentence within the fourteen days mandated by Federal Rule of Appellate Procedure 4(b)(1)(A)(i). *See West*, 240 F.3d at 459.

It is therefore **ORDERED** that the Motions, 11-CR-1291-KC, ECF No. 44; 11-CR-1558-KC, ECF No. 43, are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DISMISSES** civil cases EP-13-CV-80-KC and EP-13-CV-81-KC. The Clerk shall close the cases. The Court shall issue final judgment in these Cases.

**IT IS FURTHER ORDERED** that the Court **VACATES AND REINSTATES** its judgments in 11-CR-1291-KC, ECF No. 42, and 11-CR-1558-KC, ECF No. 41, as of the date a final judgment is entered in civil cases EP-13-CV-80-KC and EP-13-CV-81-KC, thereby **RECOMMENCING the fourteen-day period for filing a timely notice of appeal** set forth in Federal Rule of Appellate Procedure 4(b)(1)(A)(i).

**IT IS FURTHER ORDERED** that the Court **APPOINTS** Leon Schydlower to represent Petitioner to ensure that Defendant's understands his right to file a Notice of Appeal and to assist Petitioner in filing the Notice of Appeal, should Petitioner wish to appeal.  The Court notes that Petitioner was eligible for appointment of counsel previously and that Petitioner's attorney was terminated on the day the Judgment was entered in this case.  Should Petitioner file a Notice of Appeal, the Court will determine whether Petitioner qualifies for appointed counsel on appeal.

**IT IS FURTHER ORDERED** that the Clerk shall send this Order by Certified Mail to Petitioner.

**IT IS FURTHER ORDERED** that the Court **DENIES WITHOUT PREJUDICE** all relief requested in the Motions that is not specifically granted in this Order.

**IT IS FURTHER ORDERED** that all pending motions in the above-captioned cases are **DENIED AS MOOT**.

**SO ORDERED**.

**SIGNED** this 10th day of January, 2014.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE